**James REYNOLDS; et al.,
Plaintiffs—Appellants,**

v.

**TPI CORPORATION, a Tennessee
Corporation, Defendant—
Appellee.**

No. 02–36055.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2004.

Decided March 19, 2004.

Gerald W. Gelfand, Esq., Greenbank, WA, for Plaintiffs–Appellants.

Timothy R. Gosselin, Esq., Geoffrey C. Bedell, Burgess Fitzer P.S., Tacoma, WA, Jack J. Maichel, Esq., The Maichel Law Firm, Puyallup, WA, for Defendant–Appellee.

Before: O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM *

James and Shelly Reynolds appeal the district court's summary judgment in favor of TPI Corporation in their diversity product liability action.[1] We affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I

Circumstantial evidence may establish a Washington product liability claim. *Potter v. Van Waters & Rogers, Inc.*, 19 Wash.App. 746, 578 P.2d 859, 864–65 (1978). However, the Reynoldses did not show that there was any substantial possibility that the heater was defective or malfunctioned. Liem's finding no evidence of any other source of the fire is insufficient to create a triable issue given uncontradicted evidence that the heater was functioning properly and no evidence that the trigger switches (or any other mechanism) failed. *See Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221–22 (9th Cir.1995) (affirming summary judgment for the manufacturer in the absence of physical evidence to bolster the plaintiff's expert opinion); *cf. Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 60–61 (9th Cir.1989) (upholding verdict based on expert opinion that had basis in the evidence).

## II

We decline to consider any argument about the Pepe declaration, as none was made in the opening brief. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). In any event, we see no error as the declaration was competent and relevant.

AFFIRMED.

1. TPI's motion to strike Addendum B of the Reynoldses' opening brief is granted because the photographs are not part of the district court record. Fed. R.App. P. 10(a).